IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF TENNESSEE, AT GREENEVILLE:

**CHRISTINE BEARDEN; DAVID BEARDEN; TERI COOK; CAROLYN GIBBONS; ELMER DARRELL GREER; LADONNA F. GREER; MARK HUTCHINS; KEVIN MITCHELL; JAMIE STRANGE PIERSON and CRYSTAL GAIL REGAN**

Plaintiffs

VERSUS                                                                  CASE NO.: _____

**BALLAD HEALTH; MEDICAL EDUCATION ASSISTANCE CORPORATION, d/b/a EAST TENNESSEE PHYSICIANS AND ASSOCIATES and d/b/a UNIVERSITY PHYSICIANS PRACTICE GROUP, and the following individuals, who are sued only in their individual capacities as members of the Board of Directors of Ballad Health and/or Medical Education Assistance Corporation: BARBARA ALLEN, JULIE BENNETT, DAVID GOLDEN, DAVID LESTER, ALAN LEVINE, DAVID MAY, SCOTT NISWONGER, BRIAN NOLAND, GARY PEACOCK, DOUG SPRINGER, and KEITH WILSON**

Defendants

## COMPLAINT FOR INJUNCTIVE, DECLARATORY AND AFFIRMATIVE RELIEF

1. This case arises under the following Federal statutes and Rules of Civil Procedure: **15 USC §19, 15 USC § 26, 28 USC §§ 2201 and 2202, FRCP 57 and FRCP 65.**

2. All plaintiffs herein are citizens and residents of Sullivan County, Tennessee, except that plaintiffs, Elmer Darrell Greer and Ladonna F. Greer, are citizens and residents of Washington County, Tennessee.

1

All plaintiffs aver that they have standing to bring this litigation, in that (a) each has or will sustain injury as a direct and proximate result of the acts to be hereinafter set forth, unless the relief prayed for is granted; (b) the injuries to be described, and the remedies sought, are directly and proximately caused by an improper and unlawful interlocking directorate to be more particularly described herein; (c) a favorable decision by this Honorable Court would certainly redress the injury, and (d) although the effect of the behavior to be described herein is of a region-wide nature, it may certainly be said that each of the plaintiffs are directly affected by the illegal, improper acts to be alleged, and, therefore, are seeking their own remedies, and not any remedies for any third parties.

3. Defendant, Ballad Health, is a Tennessee corporation formed in 2015 with situs and principal place of business at 400 North State of Franklin Road, Johnson City, Washington County, Tennessee, 37604. This defendant-corporation may be served with process by serving Mr. Timothy Belisle, its registered agent for service of process at the above address. Mr. Belisle is a member of the Bar of this State and, upon information and belief, of this Court.

4. Defendant, Medical Education Assistance Corporation, d/b/a ETSU Physicians and Associates, and also d/b/a University Physicians Practice Group, is a Tennessee corporation formed in 1978 with situs and principal place of business situate at 222 East Main Street, Johnson City, Washington County, Tennessee 37601. This defendant is a captive corporate unit of East Tennessee State University. This defendant-corporation may be served with process by serving Mr. Russell Lewis, its registered agent for service of process, at the above address. This defendant shall hereinafter be referred to as "ETSU Physicians."

5. As stated in the caption, the remainder of the defendants, all individuals, are sued only in their capacities as Directors or Trustees of their co-defendants, Ballad Health and/or ETSU Physicians or ETSU Physicians' governing body and corporate parent, East Tennessee State University. Their citizenship and residency is outlined as follows:

Defendant Allen is, upon information and belief, a citizen and resident of Washington County, Tennessee.

Defendant Bennett is, upon information and belief, a citizen and resident of Sullivan County, Tennessee.

Defendant Golden is a citizen and resident of Sullivan County, Tennessee.

Defendant Lester is a citizen and resident of the independent city of Bristol, Virginia.

Defendant Levine is a citizen and resident of Washington County, Tennessee.

Defendant May is, upon information and belief, a citizen and resident of Carter County, Tennessee.

Defendant Niswonger is a citizen and resident of Greene County, Tennessee

Defendant Noland is a citizen and resident of Washington County, Tennessee.

Defendant Peacock is a citizen and resident of either Smyth or Washington County, Virginia.

Defendant Springer is, upon information and belief, a citizen and resident of Sullivan County, Tennessee.

Defendant Wilson is a citizen and resident of Scott County, Virginia.

Plaintiffs aver that the three (3) non-Tennessee-resident individual defendants listed above, and any other individual defendant whose residence may be shown to be outside this division of this Judicial District, nonetheless have freely and voluntarily submitted themselves to the jurisdiction of this Court by becoming a director of one or both of the corporate defendants whose citizenship and residence in this division of this Judicial District is undisputed. Therefore, these individual out-of-state defendants have sufficient ties with this division of this Judicial District for it to take personal and subject-matter jurisdiction over these individuals.

6. Plaintiffs aver that on or about January 31, 2018, certain health care organizations that provide medical and allied health services to a primary service area comprised of multiple counties in northeast Tennessee and southwest Virginia, and which also solicit patients from the states of North Carolina and West Virginia, and the commonwealth of Kentucky, came under one "umbrella", so to speak, when the merger of Mountain States Health Alliance and Wellmont Health Systems was allowed by the Tennessee Department of Health under the terms of a Certificate of Public Advantage (hereinafter, "COPA") issued

under the authority granted by **TCA §68-11-1301, et seq.** As a result of this merger, Defendant, Ballad, became the dominant economic entity in the relevant geographic market for health-related services. A copy of the COPA is attached as **Exhibit A**.

7. Plaintiffs aver that any state action immunity afforded by a COPA must be strictly construed because, in general, state action immunity is disfavored and available only under narrow and precise circumstances. See **North Carolina State Board of Dental Examiners v. Federal Trade Commission, 135 S. Ct. 1101, 1114-17 (2015);** **FTC v. Phoebe Putney Health System, Inc., 133 S. Ct. 1003, 1010 (2013)** (citing **FTC v. Ticor Title Ins. Co., 504 U.S. 621, 636** ("But given the antitrust laws' values of free enterprise and economic competition, 'state-action immunity is disfavored'").

8. Plaintiffs aver that the Ballad COPA does not provide for active state supervision of the composition of the Ballad Board of Directors with respect to conflicts of interest such as those prohibited by **15 USC §19** and, therefore, the COPA cannot offer immunity from the prohibition against interlocking directorates set forth in **15 USC §19**.

9. Plaintiffs aver that all corporate defendants in this matter are and have been (via Ballad's pre-merger predecessor entities) economic competitors in the provision of medical and allied health services and in the employment of medical professionals. To assist the Court in appreciating the relevant volumes of the competitive healthcare market affected by the challenged interlocking directorates, plaintiffs attach hereto and incorporate herewith as **Collective Exhibit B** to this Complaint the most recently available (year 2016, filed in 2017) IRS Form 990s of defendant ETSU Physicians, and of the two predecessors of defendant Ballad, namely Mountain States Health Alliance and Wellmont Health System. Plaintiffs invite the court's attention to Part I, line 9 "program service revenues" of each defendant for figures as to volume of commerce in health-related services. The reported program service revenues of ETSU physicians were **$42,541,892.00**. The combined program service revenues reported for Ballad's predecessors were **$1,379,466,833.00**.

10. Plaintiffs aver, most respectfully, that the individual defendants, Noland, Niswonger, and Golden, have conflicts that prohibit their serving on the Board of Directors of their co-defendant, Ballad

4

Health, pursuant to **15 USC §19**. Defendant, Niswonger, is a member of the Board of Trustees of East Tennessee State University, as is defendant, Golden. In the extreme, as Trustees of East Tennessee State University, Niswonger and Golden have the authority, in conjunction with their fellow trustees, to dissolve the defendant, ETSU Physicians, and thus completely stifle its status as a market competitor with Ballad. Furthermore, the current COPA provides that defendant, Noland, in his specific capacity as President of East Tennessee State University, serve on defendant, Ballad's, Board of Directors. However, the COPA is silent as to Noland's separate status under the corporate bylaws of defendant and Ballad competitor, ETSU Physicians, which bylaws also prescribe that Noland serve as a member of its Board of Directors.

11. Plaintiffs aver that these interlocking governance relationships, *ipso facto*, present a classic conflict of interest, particularly when Ballad's own published Code of Ethics at §§ 5.1 and 5.5—at least in a *prima facie* sense—prohibits these three distinguished gentlemen from serving two masters. Most respectfully, it appears as if there is a conflict regarding the fiduciary duties, or, at the very least, quasi-fiduciary duties, of all three interlocking directors in the situation *sub judice*.

12. Plaintiffs incorporate Paragraphs 1 through 11, *supra*, of the premises to this Complaint, and aver that not only they, but the general public in the multi-state service area of both of the corporate defendants, have an interest in seeing that an improper, illegal, interlocking Board of Directors does not govern the regions' dominant health care entity.

13. Plaintiffs incorporate Paragraphs 1 through 12, *supra*, of the premises to this Complaint, and aver that because the COPA provides no active state supervision of the composition of defendant, Ballad's, Board of Directors, and because, based on information and belief, the complex corporate structures of the corporate defendants include multiple additional captive entities, both non-profit and for-profit, there is reasonable basis for concern that more such prohibited interlocking directorates exist. Discovery is necessary to address the cognizable danger of both additional and recurrent violations of **15 USC §19**.

5

Case 2:19-cv-00055-CLC-CHS   Document 1   Filed 04/12/19   Page 5 of 7   PageID #: 5

14. Plaintiffs incorporate Paragraphs 1 through 13, *supra*, of the premises to this Complaint, and aver that they are entitled to such relief as is afforded under **Section 16 of the Clayton Anti-Trust Act, (15 USC § 26)**.

It is respectfully shown to the Court in support of the alleged violation of **15 USC §19** that (1) the two entity-defendants herein are not banks; (2) the two entity-defendants herein are engaged in commerce; (3) notwithstanding the Ballad COPA, elimination of competition between the two entity defendants would violate anti-trust laws because defendant, ETSU Physicians, is not regulated at all by the Ballad COPA, and because the composition of the Ballad Board of Directors is not subject to active state supervision under the COPA; (4) that each of the entity corporations, upon information and belief, have adjusted capital (if not surplus and profits, as both corporations are, supposedly, non-profit, according to their charters) of over $10,000,000.00, plus the adjustments due to increases in the GNP as prescribed by the statute; (5) that the competitive sales of each corporation is $1,000,000.00 or over plus the adjustments due to increases in the GNP as prescribed by the statute; (6) that the competitive sales of either corporation are 2% or more of that entity's total sales; or (7) that the competitive sales of each corporation are 4% or more of that entity's total sales; and (8) the three individual defendants named above as interlocking directors have served on the Board of Directors of defendant Ballad for more than one (1) year, during which time all of the conditions above existed.

Therefore, plaintiffs aver that, *prima facie*, an interlocking directorate exists, and is prohibited pursuant to the dictates of **15 USC § 19**, Accordingly, plaintiffs are entitled to (a) declaratory relief in the form of a finding that the Ballad COPA does not provide active state supervision of interlocking directorships among Ballad's board members or other exemption from the requirements of **15 USC § 19**; (b) injunctive relief inhibiting and restraining the three (3) known interlocking directors and such others as may be revealed in discovery from serving simultaneously on the Boards of competing entities; (c) an order compelling reconstitution of the Ballad Board of Directors in compliance with **15 USC §19,** and (d) such other relief as the enforcement mechanism of said act which allows lawsuits by private individuals **(15 USC § 26)** may allow, including the costs of this case, and reasonable attorney's fees.

PREMISES CONSIDERED, PLAINTIFFS, THEREFORE, PRAY:

1. That proper process issue and be served upon the defendants, requiring them to appear and answer this Complaint, but their oaths to their respective answers be, hereby, expressly waived.

2. That, upon the hearing on the merits, the Court, under the power granted to enforce individual's rights under **15 USC § 26**, (a) enjoin the defendants from any interlocking directorates, (b) reconstitute one or both defendants' Boards of Directors, and (c) declare that the Ballad COPA, as presently worded, does not provide adequate state supervision of interlocking directorates, among Ballad board members, and that it does not provide other allowable exemptions from the Federal proscriptions against interlocking directorates, thus, in essence, declaring that the aforesaid COPA does not satisfy the state action immunity doctrine, all pursuant to **15 USC § 19, 28 USC §§ 2201 and 2201, FRCP 57 and FRCP 65**.

3. That plaintiffs be awarded such other, further and general relief to which they may be entitled, including the costs of this case and reasonable attorney's fees, as allowed by **15 USC § 26**.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY PROCESS IN THIS CASE. NO OTHER COURT OR TRIBUNAL HAS REFUSED TO GRANT SUCH EXTRAORDINARY RELIEF.**

                                                  CHRISTINE BEARDEN, ET AL

                                                  By: _____
                                                       Francis X. Santore, Jr., BPR#011315
                                                       Of Counsel for Plaintiffs

SANTORE AND SANTORE
Attorneys at Law
P. O. Box 113
Greeneville, TN 37744-0113
423-639-3511
franksantore@comcast.net

Attorneys for Plaintiffs