**CHRISTINE BEARDEN, ET AL**

**VERSUS**                                    **CASE NO.: 2:19-CV-55-CLC-MCLC**

**BALLAD HEALTH, ET AL**

## PLAINTIFFS' FIRST MOTION TO AMEND COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF SAME

Come plaintiffs, by and through counsel, and, pursuant to **FRCP 15 (a) (2), and L.R. 15.1**, move this Honorable Court for leave to amend their original Complaint filed in this case **(Doc. 1).** In support thereof, movants show to the Court as follows:

1. Plaintiffs admit that most responsive pleadings, except for defendant, MEAC (a motion to dismiss) and defendant, Wilson (who is in the process of being served as of this writing), were served more than 21 days ago, being motions to dismiss. Thus, **FRCP 15 (a) (2)** applies. It is assumed that there will be no written consent from the defendants for plaintiffs to amend their complaint, and, thus, it is admitted that leave of court is required to amend.

2. Pursuant to **FRCP 15 (c),** the proposed amended complaint relates back to the date of the original pleading, particularly in this case, as it is shown that both **FRCP 15 (c) (1) (A) and (B)** apply.

3. Pursuant to **L.R. 15.1,** a copy of the proposed amended pleading, including incorporated exhibits is reproduced in full, and does not incorporate any prior pleading by reference. **

Having stated the grounds for their First Motion to Amend, plaintiffs incorporate the following Memorandum of Law, as per the Local Rules.

1

## A. Facts

Plaintiffs seek to amend their Complaint which the defendants, in two separately filed motions to dismiss (and in the case of one such set of defendants, a motion to strike, etc.) believe does not comport with the **Spokeo** requirements. Plaintiffs are amending their original complaint **(Doc. 1)** to more particularly set forth the grounds for relief and the cause of relief.

Noteworthy is the "Ballad defendants" latest motion **(Doc. 42),** the expedited motion to strike, etc. They allege that various cases [for example, **Knowles v. Chase Home Finance, 2012 WL 13018539, at p. 8 (W.D. Tenn., 8/2/2012), Strayhorn vs. Wyeth Pharmaceuticals, Inc.737 F. 3d 378, 399 (6th Cir. 2013), Riggs Drug Co. v. Amerisourcebergen Drug Corp., 2010 WL 3630123, at pp.1-2 (E.D. Tenn. 9/13/2010), and Armengau v. Cline, 7 Fed. Appx.336, 344 (6th Cir. 2001).]** stand for the proposition that bringing the new matters up via a brief and/or a reply to a motion to dismiss does not cure a **Spokeo** defect. The "Ballad defendants" also say that the following are the specific deficiencies that they find in the Complaint (all following single-spaced references will be to page numbers of **Doc. 42**):

- The complaint itself did not state a "short and plain statement of the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." **(p.3)**
- The documents that were supplied in the now-stricken reply **(stricken Doc. 37)** were not set forth in the complaint. **(p.4)**
- The original complaint did not state that ETSU was a corporation, nor did it discuss ETSU or its legal status. **(p. 4)**
- The hoary and invalid excuse, most respectfully, that plaintiffs did not identify the relevant geographic market, product, competitors, etc. **(p. 5)**
- The supposed lack of pleading as to the liability of the 8 non-interlocked Ballad directors **(p.5)**
- The old canard that plaintiffs interlocking directorate injuries must consist of specific, immediate, harm, rather than recognizing that the interlocking directorate statute is designed for remedial, palliative relief, and to prevent threats of FUTURE HARM. **(p. 5)**
- The documents proving a lack of state-action immunity were not included in the original complaint. **(p. 6)**
- The documents were not, apparently, authenticated by an affidavit of a record-keeper, sworn in front of a notary (!) **(see p. 7)**

Although plaintiffs respectfully dispute the theories of learned counsel for defendants, they shall assume, *arguendo*, and solely for purposes of this Motion and Memorandum, that all the above and more constitute fatal defects. Based upon this assumption, plaintiffs believe that the Court may grant leave to amend the Complaint, by substituting the original Complaint with the proposed amended complaint attached hereto, including exhibits, for the three (3) reasons that follow:

1. **Defendants' themselves, in their own Motion and Memorandum (Doc. 42) admit that the plaintiffs may cure this defect by amendment**. The defendants cite **Bah vs. Attorney General of Tennessee, 2014 WL 2589424 (W.D. Tenn. 6/10/2014), affirmed, 610 F. Appx. 547 (6th Cir. 2015)** As succinctly and correctly stated by defendants, **Bah**, **at page 12**, says, "…the appropriate method for adding new factual allegations to a complaint is not via (a) brief, but by filing an amended complaint." Assuming the first complaint were mortally deficient, it may be cured by filing an amended complaint.

2. **The amended complaint is not futile.** While there is a split of decisions among the various circuits regarding the futility doctrine, the 6th Circuit is clear: The right to amend a complaint is not absolute or automatic, and, in fact, the right dissipates if the proposed amendment would be futile. **Islamic Center of Nashville vs. State of Tennessee, 872 F. 3d 377, 386-87 (6th Cir. 2017).**

Of the 8 defects defendant found in plaintiffs' complaint that were "bullet-pointed" on page 2 of this document, five (5) of the eight (8) pertain not to whether the alleged defect was substantive, but that it was not pled succinctly. Without sounding sarcastic, one of the defendants' complaints—the lack of proper "authentication" of

3

documents, is ridiculous on its face. Documents are attached to complaints all the time without authentication, in order to give notice. The time for defendants to contest the authenticity of the documents is when defendants file their answer to the amended complaint.

Most respectfully, if defendants do not believe, in perusing the amended complaint, that these items are pled to their satisfaction, then their position is naught but a ruse to keep this case from going forward.

The two items that defendants can identify that defendants claim are substantive in nature—the lack of injury to plaintiffs and the liability of the 8 non-interlocked Ballad directors—are addressed at length in the attached amended complaint and the proposed amended Memorandum to the proposed amended Reply to the Motion to Dismiss, also being filed this date, but subsequent to the filing of this document and its attachments. Since there is a lengthy discussion therein, it will not be repeated herein, except to state that plaintiffs clearly show injury, Article III standing, and the liability of the non-interlocked Ballad directors.

Therefore, the proposed amended complaint is NOT futile.

3. **Justice requires that leave of the court be given to amend, and such leave should be freely given by the court.** There are four (4) other factors, aside from futility of amendment, which a court must consider when determining whether leave should be granted: (a) undue delay, (b) bad faith or dilatory motives, (c) repeated failure to cure deficiencies by a previous amendment, (d) undue prejudice to an opposing party**. See, e.g. SGIC Strategic Global Investment Capital, Inc. vs. Burger King Europe, GmbH**, 839 F. 3d 422, 428 (5th Cir 2016, internal citations omitted).

4

Where do plaintiffs stand on this scorecard?  First, discussion has already been had about the futility of the amended complaint:  plaintiffs' amended complaint is clearly not futile.  Second, the repeated failure to cure deficiencies by a previous amendment to a complaint factor is moot, as this is the first such amendment.  Third, there is no undue delay, because (a) the parties are still within the initial 90-day service window, albeit not by much, for service of the original complaint, (b) all parties but one (Keith Wilson) have been served and have learned counsel representing them, (c) most respectfully, any delay caused from the date of the filing of the original complaint to now has to be shared, at least equally, by plaintiffs and defendants, who have filed a series of motions.

Finally, plaintiffs respectfully state that they have brought this matter in good faith.  With regard to the pre-motion to dismiss conferences held among plaintiffs' counsel and the two sets of counsels (the "Ballad defendants" counsel and "MEAC'S" counsel), some things were urged upon plaintiffs' counsel.  The Ballad defendants' counsel alleged that the complaint should be amended to delate all directors but Noland, and the position was urged upon plaintiffs' counsel that ETSU was not a corporation and that MEAC was, therefore, not its captive and not a competitor.  (In all fairness, counsel did bring up the questions of Article III standing, state immunity doctrine, and the plaintiffs' injury.)  Plaintiffs' counsel, giving learned counsel great heed, nonetheless believes that the issues, if at all properly disposed pre-trial, would be best disposed by summary judgment.  He worries that all defense counsel in all cases, in general, are filing *pro forma* motions to dismiss as a prelude.  He is grateful that this District has a mechanism to filter these *pro forma* motions, but yet—and this is a sincere difference of

opinion—respectfully believes that he and his clients have become the victims of such a motion in this case.

Learned counsel for MEAC insisted that MEAC itself be dismissed as an entity. Again, for reasons that shall become apparent in the revised Memorandum of Law opposing the Motion to Dismiss, and in the amended complaint, MEAC is a proper party.

For all of the foregoing reasons, plaintiffs move that the Court grant leave to file the amended complaint plus exhibits, that the amended complaint be found as sufficiently pled as regards the Spokeo doctrine, that defendants pending motions to dismiss be overruled, and that defendants be granted 14 days from such order to file their respective answers, pursuant to **FRCP 15 (a) (3).**

                                                 CHRISTINE BEARDEN, ET AL.

                                                 S/Francis X. Santore, Jr.
                                                 Francis X. Santore, Jr., BPR #011315
                                                 Of Counsel

SANTORE AND SANTORE
Attorneys at Law
P. O. Box 113
Greeneville, TN 37744-0113
423-639-3511
423-639-0394 (fax)
franksantore@comcast.net (email)

Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on **July 11, 2019** a copy of the foregoing **Plaintiffs' First Motion to Amend (including proposed amended complaint and attached exhibits)** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. The names and addresses of the parties being served by regular U.S. Mail are as follows:

Keith Wilson
5941 Anglers Way Rd.
Duffield, VA 24244

Parties may access this filing through the Court's electronic filing system.

S/Francis X. Santore, Jr.
Francis X. Santore, Jr.

---
\*\*/Note, however, that Exhibits A and B, incorporated into the original complaint **(Doc. 1)** and Exhibits 1 through 17, inclusive, incorporated into the now-stricken original Reply to Motion to Dismiss **(see Docs. 37—now stricken—and Doc. 43)** are reproduced verbatim and are specifically NOT incorporated by reference. This includes the one-page cover sheets for Exhibits 1 through 17, inclusive, which were originally referred to as follows: "Exhibit X; Reply to (the now stricken) Motion to Dismiss" This is to keep the pagination current and correct.