IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF TENNESSEE, AT GREENEVILLE:

CHRISTINE BEARDEN, ET AL

VERSUS                              CASE NO.: 2:19-CV-55-CLC-MCLC

BALLAD HEALTH, ET AL

**PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' MOTION TO DISMISS (DOC. 27)**

Come plaintiffs, by and through counsel, and, for response to the Motion to Dismiss **(Doc. 27),** filed by certain defendants in the above-captioned case, say as follows:

1. Plaintiffs have standing to bring this litigation in this forum, having alleged an "Article III" case and controversy, and, thus, these defendants' reliance on **FRCP 12 (b) (1)** is not well-taken.

2. Plaintiffs (a) have, in fact, contrary to the assertion of these defendants, alleged antitrust injury, and (b) have more than adequately plead the requisites of the Clayton Act, thus showing that these defendants' reliance on **FRCP 12 (b) (6)** on this grounds is not well-taken.

3. Despite defendant, Ballad Health's, claim to the contrary, it has no immunity under either Federal antitrust law or by the state-action immunity doctrine/exception, and, thus, it may not rely upon this ground for dismissal of this lawsuit, pursuant to **FRCP 12 (b) (6).**

4. Additionally, this date, and prior to the filing of this Reply, plaintiffs have filed a motion for leave to amend, together with proposed amended complaint with exhibits **(Doc. 48).** Based upon the applicable discussion of the facts and law set forth in said reply, plaintiffs respectfully state that these defendants' motion to dismiss is now moot.

1

Attached hereto and incorporated herewith as support of these contentions are certain documents, which are consecutively numbered, and which shall be referred to in the plaintiffs' Memorandum of Law, which is filed separately, contemporaneously with this Response.**

WHEREFORE, plaintiffs respectfully request this Honorable Court to overrule these defendants' Motion to Dismiss **(Doc. 27),** and, thereafter, to order these defendants to answer the Complaint filed in this case, so that the case may proceed to trial on its merits.

CHRISTINE BEARDEN, ET AL

S/Francis X. Santore, Jr.
Francis X. Santore, Jr., BPR #011315
Of Counsel

SANTORE AND SANTORE
Attorneys at Law
P. O. Box 113
Greeneville, TN 37744-0113
423-639-3511
423-639-0394 (Fax)
franksantore@comcast.ent (Email)

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on **July 11, 2019**, a copy of the foregoing **Plaintiffs' Amended Response to Defendants' Motion to Dismiss, including Amended Memorandum of Law with attached exhibits** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. The "other parties" listed in the immediately preceding sentence, and their addresses, are as follows:

Keith Wilson
5941 Anglers Way Rd.
Duffield, VA 24244

Parties may access this filing through the Court's electronic filing system.

S/Francis X. Santore, Jr.

\*\*/Plaintiffs' counsel meant no disrespect to this Court in drafting the prior Memorandum, which was eight pages more than the 25-page limit, which was in 11-point type, and, thus, was stricken by Court Order. **(Doc. 43).**

With regard to the size of the type, counsel has habitually used 11-point Franklin Gothic type, one size lower than the minimum required by the Court, due to the fact that counsel is, basically, a 20th Century man stuck in a 21st Century world. When counsel revised the attached Memorandum, in fact, he assumed that increasing the type size from 11 to 12 points would only increase the size of the Memorandum by a page or two: instead, the Memorandum, as previously written, increased to 41 pages!

The Court and counsel will see that the revised Memorandum conforms to the 25-page limit.