UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHRISTINE BEARDEN, DAVID BEARDEN, TERRI COOK, CAROLYN GIBBONS, ELMER DARRELL GREER, LADONNA F. GREER, MARK HUTCHINS, KEVIN MITCHELL, JAMIE STRANGE PIERSON, and CRYSTAL GAIL REGAN, | ) ) ) ) ) ) ) ) | |
| | ) | Case No.: 2:19-cv-55 |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Judge Curtis L. Collier |
| BALLAD HEALTH, MEDICAL EDUCATION ASSISTANCE CORPORATION, BARBARA ALLEN, JULIE BENNETT, DAVID GOLDEN, DAVID LESTER, ALAN LEVINE, DAVID MAY, SCOTT M. NISWONGER, BRIAN NOLAND, GARY PEACOCK, DOUG SPRINGER, and KEITH WILSON | ) ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## **M E M O R A N D U M**

Before the Court are four motions: a motion to dismiss by Defendants Ballad Health and the individually named Defendants (the "Ballad Health Directors") (Doc. 27); a motion to dimsiss by Defendant Medical Education Assistance Corporation ("MEAC") (Doc. 44); a motion to strike by Defendants Ballad Health and the Ballad Health Directors (Doc. 51); and a motion to amend their complaint by Plaintiffs (Doc. 48). For the reasons outlined below, the Court will **GRANT** both motions to dismiss, will **DENY** Defendants Ballad Health and Ballad Health Directors' motion to strike, and will **DENY** Plaintiffs' motion to amend their complaint.

## I. BACKGROUND[1]

On or about January 31, 2018, the Tennessee Department of Health permitted a merger of Mountain States Health Alliance and Wellmont Health Systems under the terms of a Certificate of Public Advantage ("COPA"). (Doc. 1 at 3.) The resulting entity, Ballad Health, became the dominant economic entity in the relevant geographic market for health-related services. (*Id.* at 4.)

On April 12, 2019, Plaintiffs filed suit against Ballad Health, the Ballad Health Directors, and MEAC. (*Id.*) Plaintiffs allege that Defendants Brian Noland, Scott Niswonger, and David Golden have conflicts that prohibit them from serving on the Ballad Health Board of Directors. (*Id.* at 5.) Specifically, Defendants Niswonger and Golden are members of the Board of Trustees of East Tennessee State University ("ETSU") and Defendant Noland is a member of the Board of Directors of ETSU Physicians and is ETSU's president. (*Id.*) Plaintiffs allege this creates an unlawful interlocking directorate under 15 U.S.C. § 19. (*Id.*)

Defendants Ballad Health and Ballad Health Directors filed a motion to dismiss, contending (1) Plaintiffs have failed to allege Article III standing to bring this suit; (2) Plaintiffs have failed to state a claim for which relief can be granted; and (3) Ballad Health has state-action immunity from liability. (*See* Doc. 28.) Defendant MEAC also filed a motion to dismiss, raising identical issues with Plaintiffs' complaint. (*See* Doc. 45.) Plaintiffs responded to both motions, asserting (1) they have sufficiently alleged Article III standing and a claim for relief; and (2) state-action immunity does not apply in this case. (Docs. 49, 59.) Defendants have replied. (Docs. 52, 61.) Defendants Ballad Health and Ballad Health Directors then filed a motion to strike portions of Plaintiffs' response to their motion to dismiss because Plaintiffs attached exhibits and referenced

---

[1] This summary of the facts accepts all of the factual allegations in Plaintiffs' Complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

news articles not included in their pleadings. (Doc. 51.) Plaintiffs have not filed a response to the motion to strike and the time to do so has expired.[2]

Finally, Plaintiffs filed a motion to amend their complaint to "more particularly set forth the grounds for relief and the cause of relief." (Doc. 48 at 2.) Defendants Ballad Health and Ballad Health Directors filed a response in opposition, arguing the proposed complaint could not survive a motion to dismiss and it fails to comply with Rule 8(a). (Doc. 54.) Defendants also contend that Plaintiffs have engaged in bad faith conduct by delaying their motion to amend, filing briefs "containing objectionable and distasteful language[,]" and noted that "their lawyer took to social media to start a smear campaign against a director[.]"[3] (*Id.*) Defendants Golden, Niswonger, and Noland filed a separate response in opposition to Plaintiffs' motion to amend, providing additional background information. (Doc. 55.) Plaintiffs have replied. (Docs. 56, 58.)

## II.    STANDARDS OF REVIEW

### A.    Motion to Dismiss Under 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. A motion to dismiss under 12(b)(1) may raise a facial attack or a factual attack. *Golden v. Gorno. Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack "questions merely the sufficiency of the pleading" in alleging subject-matter jurisdiction and thus the court takes the allegations raised in the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-*

---

[2] Although the docket text for Doc. 56 indicates Plaintiffs filed a response to the motion to strike, the document itself addresses only Defendants' response in opposition to Plaintiff's motion to amend. (*See* Doc. 56.)

[3] The Court expects attorneys practicing before it, as officers of the Court, to adhere to the highest standards of ethics. The Court does not approve of Plaintiffs' counsel casting aspersions on individual defendants. *See In re Moncier*, 550 F. Supp. 2d 768, 800 n.43 (E.D. Tenn. 2008). The Court also reminds all counsel to adhere to Local Rule 83.2 regarding public statements by attorneys associated with an ongoing civil action. *See* E.D. Tenn. L.R. 83.2.

*Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In contrast, a factual attack challenges the factual existence of subject-matter jurisdiction, requiring the court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* The plaintiff bears the burden of proving jurisdiction is proper. *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

**B.** **Motion to Dismiss Under 12(b)(6)**

A party may move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion to dismiss, a court must first accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). All ambiguities must be resolved in the plaintiff's favor. *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993) (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577 (6th Cir. 1992)). Bare legal conclusions, however, need not be accepted as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After assuming the veracity of factual allegations and construing ambiguities in the plaintiff's favor, the Court must then determine whether those allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Sufficient factual allegations are pleaded when a court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and there is "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether the complaint satisfies facial probability, the court must "draw on its judicial experience and common sense." *See id.* at 679.

If a party presents matters outside the pleadings in connection with a pending motion to dismiss, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Documents attached to the pleadings are considered part of the pleadings, Fed. R. Civ. P. 10(c), and a court's consideration of documents referenced in a complaint that are integral to the claims does not convert a motion to dismiss into a motion for summary judgment. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### C. Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading before trial with the court's leave, which "[t]he court should freely give . . . when justice so requires." The district court's discretion is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). In evaluating whether to grant leave to amend, the Court may consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

Because standing is "the threshold question in every federal case[,]" *Warth v. Seldin*, 422 U.S. 490, 498 (1975), the Court will first consider whether Plaintiffs have sufficiently alleged Article III standing to file this suit, and then will address the remaining motions before it.

### A. Article III Standing

Under Article III, § 2, of the United States Constitution, federal courts only have jurisdiction over certain "Cases" or "Controversies." There is "[n]o principle more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 27 (1976))). A core component of the cases or controversies requirement is that a plaintiff must have standing to file suit in federal court. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Requiring a plaintiff to have standing ensures "[t]he exercise of judicial power, which can so profoundly affect the lives, liberty, and property of those to whom it extends, is . . . restricted to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982).

At a minimum, the Constitution requires the following three elements to establish Article III standing: (1) the plaintiff must have suffered an "injury in fact;" (2) the injury must be fairly traceable to the action in question; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. At the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth*, 422 U.S. at 518).

Defendants contend Plaintiffs have failed to sufficiently allege Article III standing in their complaint. Thus, the Court must take all the factual allegations as true and then determine if the complaint adequately alleges Article III standing. *See Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. The Court finds it does not.

The first element of Article III standing, "injury in fact," requires the invasion of a legally protected interest, which "is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations omitted). An injury is "concrete" if it actually exists and is "particularized" if it affects the plaintiff personally and individually. *Spokeo*, 136 S. Ct. at 1548. While a threatened injury can be sufficient to satisfy Article III standing, the threatened injury must be certainly impending; hypothetical or speculative future injuries will not suffice. *Clapper v. Amnesty Int'l USA*, 568 U.S. 389, 409 (2013). Standing does not exist merely because an individual is a "concerned bystander[]." *Valley Forge Christian Coll.*, 454 U.S. at 473 (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)).

Here, Plaintiffs have not alleged any facts to demonstrate a concrete, particularized injury. The complaint alleges injury as a result of an "improper and unlawful interlocking directorate." (Doc. 1.) Plaintiffs contend three directors have conflicts regarding their "fiduciary duties, or at the very least quasi-fiduciary duties," which could potentially cause an injury. (*Id.*) The complaint, however, fails to state the nature of the alleged injury beyond asserting a violation of 15 U.S.C. § 9. It is insufficient to claim injury based solely on the existence of a statutory violation; there must be an allegation of harm as a result of the violation. *See Spokeo*, 136 S. Ct. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). The only mention of a specific injury in the complaint is that "[i]n the extreme, as Trustees of East Tennessee State University, Niswonger and Golden have the authority, in conjunction with their fellow trustees, to dissolve the defendant, ETSU Physicians, and thus completely stifle its status as a market competitor with Ballad." (Doc. 1 at 5.) However, this allegation fails to describe a concrete harm to Plaintiffs, nor does an event "in the extreme" demonstrate a certainly impending injury. *See Clapper*, 568 U.S. at 409.

In addition, the complaint does not provide any factual allegations of any potential injury to the named plaintiffs beyond averring that each plaintiff "has or will sustain [an] injury[.]" (*Id.* at 2.) "It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (quoting *Grace v. Am. Cent. Ins. Co.*, 109 U.S. 278, 284 (1883)), "but rather 'must affirmatively appear in the record.'" *Id.* (quoting *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 392 (1884)). The complaint fails to affirmatively link any potential harm to Plaintiffs, and thus it fails to sufficiently allege a particularized injury.

Even construing the evidence in the light most favorable to Plaintiffs, there are no factual allegations demonstrating an "injury in fact," as required by Article III. As a result, the Court finds Plaintiffs have failed to sufficiently allege Article III standing to bring this lawsuit, and the Court will grant both motions to dismiss (Docs. 27, 44) under Rule 12(b)(1).

### B. Motion to Strike

Defendants Ballad Health and Ballad Health Directors have filed a motion to strike portions of Plaintiffs' response to their motion to dismiss because the response includes exhibits and references to news articles that were not included in Plaintiffs' pleadings. (Doc. 51.) Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) defines "pleadings" as "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). "Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)." *Fox v. Mich. State Police Dep't*,

8

173 F. App'x 372, 375 (6th Cir. 2006). Because the attached exhibits and news article references appeared in Plaintiffs' response to a motion to dismiss, they are not subject to Rule 12(f). Accordingly, Defendants' motion to strike (Doc. 51) will be denied.

### C. Motion to Amend Complaint

When determining whether to permit an amendment under Federal Rule of Civil Procedure 15, a court may consider several factors, including, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Hageman*, 486 F.2d at 484 (citing *Foman*, 371 U.S. at 182). A court may deny a motion to amend as futile if the amended complaint could not withstand a Rule 12(b) motion to dismiss. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Here, Plaintiffs' proposed amended complaint still fails to adequately allege Article III standing. While Plaintiffs do provide more specific facts regarding the alleged injury, (Doc. 48-1 at 13–14), the complaint lacks any factual allegations that the injury is particularized to the named plaintiffs. Plaintiffs allege the interlocking directorate has caused facilities to close, has increased travel times to intensive care units, and could potentially lead to increased healthcare costs. (*Id.* at 16.) The complaint, however, does not indicate how Plaintiffs, as individuals, are impacted by these events. Plaintiffs cannot simply state a harm occurred in order to establish injury in fact; they must provide some factual allegations to demonstrate the harm is specific to them. *See Valley Forge Christian Coll.*, 454 U.S. at 473.

Thus, Plaintiffs' proposed amended complaint could not survive a 12(b) motion to dismiss. As such, the Court finds the amendment would be futile and will deny Plaintiffs' motion to amend (Doc. 48).

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** both motions to dismiss (Docs. 27, 44), will **DENY** Defendants' motion to strike (Doc. 51), and will **DENY** Plaintiffs' motion to amend (Doc. 48).

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**